Geoffrey F. Gega, Bar No. 91980
COOK BROWN, LLP
1851 East First Street, Suite 1440
Santa Ana, CA 92705
(714) 542-1883 - Telephone
(714) 542-1009 - Facsimile

Attorneys for Defendant
D'ARRIGO BROS. CO., OF CALIFORNIA

*E-filed 4/21/06*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GRACIELA ZAMORA, OLGA LEYVA VELARDE, TERESA LARA, and MARIA RODRIGUEZ DE TORRES, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>D'ARRIGO BROTHERS COMPANY OF CALIFORNIA,<br><br>Defendant. | CASE NO. C-04-00047 JW<br><br>CLASS ACTION<br><br>**STIPULATED PROTECTIVE ORDER**<br>as amended<br><br><br>Complaint Filed:    January 7, 2004 |

Subject to the approval of the above-entitled Court, the undersigned counsel-of-record on behalf of the named Plaintiffs and Defendant D'Arrigo Bros. Co., of California hereby stipulate to the following protective order: Pursuant to Fed. R. Civ. P. 26(c), it is so stipulated and ordered:

1. In connection with discovery proceedings in this action, it is agreed that any documents and other information produced in discovery, whether or not deemed or considered to be "confidential," will be used for the purpose of this action only and will be disclosed only to "qualified persons" as hereinbelow defined.

2.      The parties may further designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures (including, but not limited to, any and all payroll and accounting records) of any persons, firm, partnership, corporation, or other organization, the disclosure of which information is deemed to have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. "Confidential" shall further include any document, thing, material, testimony, or other information derived therefrom and which concerns or relates to Defendant's collective bargaining with any labor organization. Documents and other discovery information will be designated as "confidential" only if it fits within the description of confidential information in this paragraph 2, and Fed. R. Civ. P. 26(c).

3.      Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4.      Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5.      Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court reporter(s) employed in this action;

    (d) a witness at any deposition or other proceeding in this action; and

    (e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7. Depositions shall be taken only in the presence of qualified persons.

8. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party (including an officer, director, or employee of such party), unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9. Nothing in this order shall prohibit Plaintiffs' attorneys from showing a member of the class that portion of a document which contains information about that specific employee, such as, *e.g.*, a part of a document that shows the hours worked by the employee, a portion of the document that shows the employee's wage rate, or a disciplinary notice issued to that particular employee, provided: Plaintiffs' counsel is required to redact any such document to eliminate any information

regarding employees other than the single affected employee. No less than seven (7) days before Plaintiffs' counsel shows a redacted document to a member of the class, pursuant to this paragraph, Plaintiffs' counsel shall provide to Defendant's counsel an example of each type of document which Plaintiffs' attorney proposes to show the member of the class and how Plaintiffs' counsel proposes to redact the document. Should Defendant's counsel not agree with the proposed redaction, the parties agree, should they be unable to reach a compromise, to schedule a telephone conference with the Magistrate for the purpose of resolving disputes regarding the proposed redaction. The parties agree that pending resolution of disputes over redaction, no document which is the subject of the dispute shall be disclosed.

The parties agree that all persons covered by this paragraph, prior to viewing redacted documents, shall be provided with a copy of this order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

10. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

11. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential -- Subject to Court Order" and filed under seal pursuant to N. Dist. Cal. Civ. Local Rule 79-5.

12. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

13. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing

1  from those as specified herein. This Order shall not be deemed to prejudice the parties in any way
2  in any future application for modification of this Order.

3  14. This Order is entered solely for the purpose of facilitating the exchange of documents
4  and information between the parties to this action without involving the Court unnecessarily in the
5  process. Nothing in this Order nor the production of any information or document under the terms
6  of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an
7  admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such
8  document or information or altering any existing obligation of any party or the absence thereof.

9  15. Within the meaning of this Order, a "party" refers to, and is expressly limited to, the
10 named plaintiffs and defendant in this action as entitled in the original Complaint, irrespective of
11 whether the action is subsequently certified by this Court as a class action. In the event that the Court
12 grants Plaintiffs' pending motion to amend the Complaint, it is further stipulated that this Order shall
13 then also include those additionally named plaintiffs, and each of them, as a "party" hereunder;
14 provided that, said additional plaintiffs, and each of them, are represented by at least one of the
15 undersigned counsel.

16 16. This Order shall survive the final termination of this action; to the extent that the
17 information contained in Confidential Material is not or does not become known to the public, and
18 the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed
19 hereunder. Upon termination of this case, counsel for the parties shall assemble and
20 return to each other all documents, material, and deposition transcripts designated as confidential and
21 all copies of same, and shall thereupon certify in writing that all said items have, in fact, been
22 returned.
23 ///
24 ///
25 ///
26 ///
27 ///
28

Case 5:04-cv-00047-JW  Document 107  Filed 04/21/06  Page 6 of 8
04/11/2006  10:21  18185485873  MCLAW  PAGE  02
Case 5:04-cv-00047-JW  Document 106-2  Filed 04/17/2006  Page 1 of 7
APR-11-2006  11:58

17. The parties agree that damages for violation of this Agreement would be difficult to determine and therefore agree that the sum of $5,000.00 shall be awarded as liquidated damages and not as a penalty against any party who is proved to have violated the Agreement.

IT IS SO STIPULATED.

Dated: 4/14/06

COOK BROWN, LLP

By: *[signature]*
GEOFFREY F. GEGA
Attorneys for Defendant

Dated: April 10, 2006

Law Offices of Stephen G. Seliger, LTD

By: *[signature]*
STEPHEN G. SELIGER, LTD.
Attorneys for Plaintiffs

Dated: April 10, 2006

MINER, BARNHILL & GALLAND

By: *[signature]*
PAUL STRAUSS
Attorneys for Plaintiffs

Dated: April 11, 2006

MARCOS CAMACHO, A LAW CORPORATION

By: *[signature]*
ANNABELLE CORTEZ-GONZALVES
Attorneys for Plaintiffs

**ORDER**

APPROVED AND SO ORDERED.

Dated: 4/21/06

_____
Howard R. Lloyd
United States Magistrate Judge

Attachment A

## NON-DISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Graciela Zamora, et al. v. D'Arrigo Brothers Company of California</u>, United States District Court for the Northern District of California, Civil Action No. C-04-00047 JW, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:_____    _____