*E-filed 11/7/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GRACIELA ZAMORA, et al., | Case No. C04-00047 JW |
| Plaintiffs, | **ORDER GRANTING MOTION TO COMPEL** |
| v. | Re: Docket No. 115 |
| D'ARRIGO BROTHER COMPANY OF CALIFORNIA, | |
| Defendant. | |

This is a sex discrimination class action. Plaintiffs now seek to compel defendant to comply with their Fed. R. Civ. P. 30(b)(6) deposition notice related to the computer-readable personnel data produced by defendant.

**BACKGROUND**

Plaintiffs allege that defendant engaged in a pattern and practice of unlawful sex discrimination in refusing to promote or assign women to supervisory positions or positions requiring the operation of machinery. Plaintiffs plan to present as evidence at trial an expert statistical analysis and report. They state that this report will be based primarily on computer-readable personnel data provided by defendant to plaintiffs. This data pertains to female and male employees and forepersons over an approximately five year period. In April 2006,

defendant produced electronic data in response to a document request. Plaintiffs' electronic data consultant apparently found several problems with the data, including inconsistencies, incompleteness, and undecipherable codes. In August 2006, plaintiffs served defendant with a Fed. R. Civ. P. 30(b)(6) notice of deposition seeking the company representative most knowledgeable about the data and the system that produced it. Defendant objects to producing a 30(b)(6) representative on two grounds: (1) plaintiffs failed to seek leave of court for a second[1] 30(b)(6) deposition, as required by Fed. R. Civ. P. 30(a)(2); (2) plaintiffs have not established good cause for a second 30(b)(6) deposition consistent with Fed. R. Civ. P. 26(b). Plaintiffs move to compel participation. Plaintiffs argue they need to conduct a second 30(b)(6) deposition because the depositions are on different subjects, involve different corporate representatives, and the proposed computer data deposition could not have been taken in 2004 because defendant did not produce its data until 2006.

## LEGAL STANDARD

A party must obtain leave of court to depose any person that has already been deposed in a case. Fed. R. Civ. P. 30(a)(2)(B) ("A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if...without the written stipulation of the parties...the person to be examined already has been deposed in the case.")

Fed. R. Civ. P. 26(b)(2) indicates that leave should be granted unless:

(i) the [second deposition] sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking [the second deposition] has had ample opportunity by discovery in the action to obtain the information sought; or

(iii) the burden or expense of the proposed [second deposition] outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties'

---

[1] Defendant produced a 30(b)(6) witness on July 20, 2004.

2

United States District Court
For the Northern District of California

resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## DISCUSSION

The court construes plaintiffs' motion as a request for leave to conduct a second Rule 30(b)(6) deposition, and proceeds to analyze the applicability of the Rule 26(b)(2) criteria.

First, the discovery sought is not unreasonably cumulative or duplicative, because the 2004 witness could not have answered questions about data produced in 2006. See Vincent v. Mortman, 2006 WL 726680, at * 1 (D.Conn. March 17, 2006) ("courts frequently permit a deposition to be reopened where...new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition")(citations and quotation marks omitted); Collins v. International Dairy Queen, 189 F.R.D. 496, 498 (M.D.Georgia 1999) (second deposition allowed where it was likely to produce new information not obtainable in the first deposition, and a second deposition had not been shown to be unduly burdensome or expensive).  The proposed second deposition will not cover the same issues as the first deposition did, because it will be limited to questions arising from the employee electronic computer data compiled and produced by defendant, as well as the system that generated such data. Contrast with Innomed Labs, LLC v. Alza Corporation, 211 F.R.D. 237, 239-40 (S.D.N.Y. 2002).

Defendant argues that a second deposition is not justified because plaintiffs have not followed through on alternative means of obtaining the information. Defendant suggests that plaintiffs should have employed some other form of discovery once they discovered the problem with the computer data. However, defendant fails to explain why a 30(b)(6) deposition might be an inappropriate or inefficient approach. No rule requires plaintiffs to pursue every possible alternative before noticing a 30(b)(6) deposition. Rule 26(b)(2) pertains to information "obtainable from some other source that is more convenient, less burdensome and less expensive." But defendant has not shown that the 30(b)(6) approach is inconvenient, burdensome, or expensive. Defendant does suggest that plaintiffs should have pursued more informal means of answering their questions about data, such as further correspondence

3

1 between counsel. However, letters from counsel are simply not equivalent to a formal, sworn
2 30(b)(6) deposition.   The court concludes that Rule 26 does not bar a second deposition.
3   The court ORDERS defendant to produce a corporate representative in compliance with
4 the August deposition notice, with a date set according to the convenience of the parties but no
5 later than ten days after the filing of this order.

7 **IT IS SO ORDERED.**

Dated:  11/7/06

/s/  Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

James Gerard Bradtke jgbvjd@aol.com, gikm@aol.com

Annabelle Cortez-Gonzalves agcortez@ufwmail.com,

Geoffrey F. Gega ggega@cookbrown.com, ksakai@cookbrown.com

Mario G. Martinez mariomtz@ufwmail.com

Stephen G. Seliger SSeliger1@aol.com,

Regina Silva rsilva@cookbrown.com, ksakai@cookbrown.com

Paul Strauss pstrauss@lawmbg.com, ldavis@lawmbg.com; slegenza@lawmbg.com

**Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**

Dated:    11/7/06                         /s/  JMM
                                          Chambers of Magistrate Judge Howard R. Lloyd

**United States District Court**
For the Northern District of California