STEPHEN G. SELIGER (Bar. No. 123859)
155 North Michigan Avenue, Suite 500
Chicago, IL 60601
Telephone: (312) 616-4244
Facsimile: (312) 565-7289

One of the Attorneys for Plaintiffs

GEOFFREY F. GEGA, ESQ. (Bar No. 91980)
COOK BROWN, LLP
1851 E. First St., Suite 1440
Santa Ana, CA 92705
Telephone: (714) 542-1883
Facsimile: (714) 542-1009

Attorneys for Defendant
D'ARRIGO BROS. CO., OF CALIFORNIA

*DENIED*
/s/ James Ware
Judge James Ware

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| GRACIELA ZAMORA, OLGA LEYVA VELARDE, TERESA LARA, and MARIA RODRIGUEZ DE TORRES, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>D'ARRIGO BROTHERS COMPANY OF CALIFORNIA,<br><br>Defendant. | CASE NO. C-004-00047 JW<br><br>CLASS ACTION<br><br>**[PROPOSED] STIPULATED ORDER TO MODIFY SCHEDULING ORDER DATED MAY 3, 2006**<br><br>Complaint Filed: January 7, 2004 |

In accordance with Local Rule 6-2, the parties, through their undersigned counsel hereby stipulate to modify the Scheduling Order dated May 3, 2006 as follows:

### A. Close of Discovery

1.  Pursuant to Civil L.R. 26-2, all discovery, including depositions of expert witnesses, must be completed by May 16, 2007.

### B. Disclosure of Expert Witnesses

2. Any party wishing to present expert witness testimony with respect to a claim or defense shall lodge with the Court and serve on all other parties, the name, address, qualifications, resume and written report which complies with Fed.R.Civ.P. 26(a)(2)(B) on or before April 2, 2007.

3. This disclosure must be made with respect to a person who is either (1) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (2) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

4. The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

5. Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than June 22, 2007 at 9:00 a.m.

### C. Rebuttal Expert Witnesses

6. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than April 20, 2007.

### D. Limitation on Testimony by Expert Witnesses

7. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### E. Deadline for Hearing Pretrial Motions

8. The final date the Court will hear dispositive motions is July 24, 2007, Monday at 9:00 a.m. In accordance with Civil L.R. 7-2, any motion which a party wishes to be heard on or before the deadline, must be filed, served and noticed in writing no less than 35 days before the deadline.

### F. Preliminary Pretrial Conferences

9. The attorneys who will try the case are ordered to appear on August 21, 2007 at 10:00a.m. for a preliminary pretrial conference . The purpose of the preliminary pretrial conference is to confirm the trial date and to establish a firm trial date.

10. At the preliminary pretrial conference, based upon the nature of the case and the estimations of counsel, the Court will ask counsel to agree to a schedule for the trial of the case. Once a stipulated schedule has been reached, the Court will use that schedule for purposes of summoning and selecting jurors and scheduling other matters.

### G. Deadline for Final Pretrial Conference Submissions

11. A final pretrial conference will be conducted on October 9, 2007 at 3:00 p.m. The trial attorneys must attend the conference. The purpose of the final pretrial conference is to discuss issues raised in the final pretrial conference statement, and to discuss the trial of the case.

12. On or before September 10, 2007, the parties shall conduct a pretrial meeting and afterward file and lodge with Chambers the following:

    a. <u>Joint Pretrial Conference Statement:</u> The parties shall file a joint pretrial statement which shall contain the following information: (1) a brief description of the substance of claims and defenses which remain to be decided; (2) a detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages; (3) a plain and concise statement of all relevant facts not reasonably disputable, as well as which facts the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits; (4) a plain and concise statement of all disputed factual issues which remain to be decided; (5) a statement assessing whether all or part of the action may be presented upon an agreed statement of facts; (6) a statement of stipulations requested or proposed for pretrial or trial purposes; (7) without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions; (8) a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal; (9) an estimate of the number of court days needed for the presentation of each party's case; (10) citations to evidence the parties intend to present at trial

1  through use of excerpts from depositions, from interrogatory answers, or from responses to requests
2  for admission; (11) a statement of requested or proposed amendments to pleadings or dismissals of
3  parties, claims or defenses; (12) a statement of whether bifurcation or a separate trial of specific issues
4  is feasible and desired; and (13) any other subjects relevant to the trial of the action, or material to its
5  just, speedy and inexpensive determination.

6          The parties shall submit a page-length detailed summary of the substance of the
7  proposed testimony of each witness, which shall also specify to which disputed fact the proposed
8  testimony relates and an estimate of the time required for direct and cross examination of each
9  prospective witness. <u>Counsel are directed to meet and confer in advance of the date for submission
10 of pretrial material with respect to the pretrial conference statement</u>.

11       b.   <u>Motions *in limine*</u>.  Any motions *in limine* that could not be settled at the
12 pretrial meeting shall be filed with the joint pretrial statement.  These matters will be deemed
13 submitted without oral argument unless the Court orders otherwise.  All motions *in limine* shall be
14 separately numbered.  Opposition to each motions *in limine* shall set forth a corresponding number.
15 Any opposition is to be filed in writing and served no later than September 17, 2007.

16           **H.  Trial Date**

17     13.   The jury trial shall commence with jury selection taking place October 23, 2007 at 9:00
18 a.m., or as soon thereafter as the Court's calendar will permit.

19          **I.  Electronic Storage of Exhibits**

20     14.   The Court has available a digital and video electronic evidence presentation system.
21 The parties are ordered to familiarize themselves with the system, and to meet and confer about
22 whether the case will involve voluminous documentary.  If so, as the parties identify documentary
23 material which is likely to be used as trial exhibits, the parties are ordered to electronically store these
24 materials in a fashion which will facilitate displaying them electronically during the trial. The parties
25 are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and
26 that numbering must be maintained for those exhibits throughout the litigation.  Each proposed
27 exhibit shall be pre-marked for identification.  All exhibits shall be marked with numerals.  The
28 parties shall meet and confer on a division which will avoid duplication (<u>e.g.</u>, Plaintiff 1-99,000;

Defendant 1: 100,000-299,999).

## J. Notice

15. In all "E-Filing" cases when filing papers in connection with any motion for determination by the Judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. *See* Standing Order Regarding Case Management in Civil Cases. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the Judge's name, case number and "E-Filing Chambers Copy." *Id.* Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically. *Id.*

Dated: November 29, 2006                COOK BROWN, LLP

                                        By:    /s/ Geoffrey F. Gega
                                               GEOFFREY F. GEGA
                                               Attorneys for Defendant
                                               D'ARRIGO BROS. CO. OF CALIFORNIA

Dated: November 29, 2006                STEPHEN G. SELIGER, LTD

                                        By:    /s/ Stephen G. Seliger
                                               STEPHEN G. SELIGER
                                               One of the Attorneys for Plaintiffs

PURSUANT TO STIPULATION, AND GOOD CAUSE SHOWING, IT IS SO ORDERED.

_____
JUDGE OF THE UNITED STATES DISTRICT COURT