Stephen G. Seliger, #123859
155 North Michigan Avenue
Suite 500
Chicago, IL 60601
(312) 616-4244 (telephone)
(312) 565-7289 (telefax)

Regina Silva
COOK BROWN, LLP
1851 East First Street, Suite 1440
Santa Ana, CA 92705
(714) 542-1883 (telephone)
(714) 542-1008 (telefax)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| **GRACIELA ZAMORA, OLGA LEYVA VELARDE, TERESA LARA and MARIA RODRIGUEZ DE TORRES, on behalf of themselves and all other persons similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**D'ARRIGO BROTHERS COMPANY OF CALIFORNIA,**<br><br>Defendant. | CLASS ACTION<br><br>CASE NO. C-04-00047JW<br><br>STIPULATED REQUEST FOR THIRTY DAY EXTENSION OF MODIFIED SCHEDULING ORDER<br><br>Complaint filed: January 7, 2004 |

Pursuant to Federal Rule of Civil Procedure 16(b) and the Northern District Rules 6-1(b) and 6-2, the parties hereby submit a Stipulated Request for an Order seeking to amend the Modified Scheduling Order entered by the Court on November 30, 2006 to allow for a thirty day extension for the production of expert reports and a thirty day extension for the completion of discovery. The parties' Request consists of the instant Stipulated Request, the Declaration of Stephen G. Seliger, and the Proposed Order lodged concurrently herewith.

The parties, by and through their respective counsel-of-record, hereby stipulate as follows:

Pursuant to Federal Rule of Civil Procedure 16(b), good cause exists to grant an order amending the Court's Modified Scheduling Order for the following reasons:

A.      In October, 2006, plaintiffs filed a motion to compel defendant to produce a witness in response to a Rule 30(b)(6) deposition relating to statistical information needed by their expert. On November 7, 2006, Magistrate Judge Lloyd issued an order compelling this deposition.  The decision is attached as Exhibit A.  The deposition took place on November 21, 2006.  As a result of this motion and other matters presented to the Court, this Court extended the time for expert reports and entered a Modified Scheduling Order on November 30, 2006, which is attached as Exhibit B. This order requires the initial expert reports to be produced on April 9, 2007.  All discovery is to close on June 6, 2007.

B.      In early November, 2006, plaintiffs served additional written discovery (a request for documents and requests for admission) on the defendant dealing essentially with statistical information.  Defendant responded in part to these discovery requests in December, but there remained disputes as to the breadth of some of the plaintiffs' requests.  After seeking to resolve their differences, plaintiffs filed a fourth motion to compel on January 23, 2007.   A hearing was held before Magistrate Judge Lloyd on March 13, 2007, and on March 15, 2007, the Court granted the motion in its entirety and ordered defendant to produce, inter alia, electronic data needed by the plaintiffs' expert.  A copy of the Magistrate's Order is attached as Exhibit C.

C.      Defendant's counsel is gathering this data and other responses and has promised that all materials required by Judge Lloyd's Order will be received by plaintiffs' counsel by April 3, 2007.  Under the Court's Modified Scheduling Order, however, the expert reports are due on April 9, 2007.  Due to the fact that the plaintiffs will not receive the underlying data needed for such a report until April 3rd, it will be impossible for their expert to produce a report by April 9th.  Plaintiffs seek an additional thirty days to do so and request that the Court extend the initial expert report to May 9th.  Plaintiffs estimate that it will take approximately one month to organize the electronic data, resolve technical problems that may arise, and perform statistical analyses necessary for their case. Plaintiffs' expert, Dr. Thomas DiPrete, is chairman of the Department of Sociology at Columbia University and has several substantial commitments and duties in April making it impossible for him to complete his work until May 9th.  Defendant has no objection to this extension of time.  For this

1    reason, the parties seek an extension for the production of expert reports by thirty days, until May

2    9th.

3         D.    Under the Modified Scheduling Order, discovery is to end on June 6, 2007.

4    Defendant's counsel seeks an additional thirty days to complete discovery, which includes

5    depositions of experts, because she and her firm will be totally engaged in an arbitration process

6    ordered by the California Agricultural Labor Relations Board, in the case entitled, In the Matter of

7    the United Farm Workers of America and D'Arrigo Brothers Company of California, No. 2007-

8    MMC-1, which will begin on May 10th and will last for thirty days. Because plaintiffs' expert report

9    will not be produced until May 9th under the proposed Amended Scheduling Order, defendant will

10   be unavailable to conduct any expert discovery until after the completion of the arbitration,

11   approximately June 10th. For this reason, defendant seeks an extension of the discovery cut-off date

12   of thirty days. Plaintiffs have completed seven depositions and have three additional depositions,

13   which the parties are hoping to schedule before the arbitration. However, this may not be possible.

14    Therefore, the parties seek an additional thirty days to complete discovery, until July 6, 2007.

15        E.    This is the fourth request for an extension of the Case Management Order. However,

16   it is only for thirty days, and there is good cause for it given the delays caused by matters addressed

17   by Magistrate Judge Lloyd in his discovery orders and in the arbitration ordered by the Agricultural

18   Labor Relations Board.

19        WHEREFORE, the parties respectfully request that the Modified Scheduling Order be

20   extended by thirty days. A Declaration of Mr. Seliger and a proposed order is attached.

21                         COOK BROWN, LLP

22
     DATED: March 30, 2007        By:    /s/Regina Silva
23                                       REGINA SILVA
                                         One of the Attorneys for Defendant
24

25   DATED: March 30, 2007        By:    /s/Stephen G. Seliger
26                                       STEPHEN G. SELIGER
                                         One of the Attorneys for Plaintiffs
27

28

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| **GRACIELA ZAMORA, OLGA LEYVA VELARDE, TERESA LARA and MARIA RODRIGUEZ DE TORRES, on behalf of themselves and all other persons similarly situated,** | CLASS ACTION |
| Plaintiffs, | CASE NO. C-04-00047JW |
| vs. | AMENDED MODIFIED SCHEDULING ORDER |
| **D'ARRIGO BROTHERS COMPANY OF CALIFORNIA,** | Complaint filed: January 7, 2004 |
| Defendant. | |

Upon the Stipulation filed by the parties on March 30, 2007, seeking a thirty day extension of the Modified Scheduling Order entered by this Court on November 30, 2006, the Court modified its Order as follows:

The Case Schedule on page 1 of the Modified Scheduling Order is amended as follows:

| | |
|---|---|
| Close of All Discovery | July 9, 2007 |
| Last Date for Hearing Dispositive Motions | September ~~8~~ 10, 2007 |
| Preliminary Pretrial Conference at 11:00 a.m. | November ~~X~~ 5, 2007 |
| Preliminary Pretrial Conference Statements | October ~~XX~~ 26, 2007 |

Dated:  4/3/2007

_JAMES WARE_
JAMES WARE
United States District Judge

Exhibit A

1

2

3                                              *E-filed 11/7/06*

4

5

6                        NOT FOR CITATION

7            IN THE UNITED STATES DISTRICT COURT

8

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

                        SAN JOSE DIVISION

10

11   GRACIELA ZAMORA, et al.,                  Case No. C04-00047  JW

12               Plaintiffs,           **ORDER GRANTING MOTION TO
                                       COMPEL**

13
        v.
14                                     Re: Docket No. 115

15   D'ARRIGO BROTHER COMPANY OF
     CALIFORNIA,
16

17               Defendant.
                                                        /
18

19        This is a sex discrimination class action.  Plaintiffs now seek to compel defendant to

20   comply with their Fed. R. Civ. P. 30(b)(6) deposition notice related to the computer-readable

21   personnel data produced by defendant.

22                        **BACKGROUND**

23        Plaintiffs allege that defendant engaged in a pattern and practice of unlawful sex

24   discrimination in refusing to promote or assign women to supervisory positions or positions

25   requiring the operation of machinery.  Plaintiffs plan to present as evidence at trial an expert

26   statistical analysis and report.  They state that this report will be based primarily on computer-

27   readable personnel data provided by defendant to plaintiffs.  This data pertains to female and

28   male employees and forepersons over an approximately five year period.  In April 2006,

United States District Court
For the Northern District of California


EXHIBIT
A

1  defendant produced electronic data in response to a document request. Plaintiffs' electronic data

2  consultant apparently found several problems with the data, including inconsistencies,

3  incompleteness, and undecipherable codes. In August 2006, plaintiffs served defendant with a

4  Fed. R. Civ. P. 30(b)(6) notice of deposition seeking the company representative most

5  knowledgeable about the data and the system that produced it. Defendant objects to producing

6  a 30(b)(6) representative on two grounds: (1) plaintiffs failed to seek leave of court for a

7  second[1] 30(b)(6) deposition, as required by Fed. R. Civ. P. 30(a)(2); (2) plaintiffs have not

8  established good cause for a second 30(b)(6) deposition consistent with Fed. R. Civ. P. 26(b).

9  Plaintiffs move to compel participation. Plaintiffs argue they need to conduct a second 30(b)(6)

10  deposition because the depositions are on different subjects, involve different corporate

11  representatives, and the proposed computer data deposition could not have been taken in 2004

12  because defendant did not produce its data until 2006.

### LEGAL STANDARD

14      A party must obtain leave of court to depose any person that has already been deposed

15  in a case. Fed. R. Civ. P. 30(a)(2)(B) ("A party must obtain leave of court, which shall be

16  granted to the extent consistent with the principles stated in Rule 26(b)(2), if...without the

17  written stipulation of the parties...the person to be examined already has been deposed in the

18  case.")

19      Fed. R. Civ. P. 26(b)(2) indicates that leave should be granted unless:

20      (i) the [second deposition] sought is unreasonably cumulative or duplicative, or is

21      obtainable from some other source that is more convenient, less burdensome, or less

22      expensive;

23      (ii) the party seeking [the second deposition] has had ample opportunity by discovery in

24      the action to obtain the information sought; or

25      (iii) the burden or expense of the proposed [second deposition] outweighs its likely

26      benefit, taking into account the needs of the case, the amount in controversy, the parties'

27

28

---

[1]    Defendant produced a 30(b)(6) witness on July 20, 2004.

2

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1   resources, the importance of the issues at stake in the litigation, and the importance of

2   the proposed discovery in resolving the issues.

3                                    **DISCUSSION**

4        The court construes plaintiffs' motion as a request for leave to conduct a second Rule

5   30(b)(6) deposition, and proceeds to analyze the applicability of the Rule 26(b)(2) criteria.

6        First, the discovery sought is not unreasonably cumulative or duplicative, because the

7   2004 witness could not have answered questions about data produced in 2006. See Vincent v.

8   Mortman, 2006 WL 726680, at * 1 (D.Conn. March 17, 2006) ("courts frequently permit a

9   deposition to be reopened where...new information comes to light triggering questions that the

10  discovering party would not have thought to ask at the first deposition")(citations and quotation

11  marks omitted); Collins v. International Dairy Queen, 189 F.R.D. 496, 498 (M.D.Georgia 1999)

12  (second deposition allowed where it was likely to produce new information not obtainable in

13  the first deposition, and a second deposition had not been shown to be unduly burdensome or

14  expensive).  The proposed second deposition will not cover the same issues as the first

15  deposition did, because it will be limited to questions arising from the employee electronic

16  computer data compiled and produced by defendant, as well as the system that generated such

17  data.  Contrast with Innomed Labs, LLC v. Alza Corporation, 211 F.R.D. 237, 239-40

18  (S.D.N.Y. 2002).

19       Defendant argues that a second deposition is not justified because plaintiffs have not

20  followed through on alternative means of obtaining the information.  Defendant suggests that

21  plaintiffs should have employed some other form of discovery once they discovered the

22  problem with the computer data.  However, defendant fails to explain why a 30(b)(6) deposition

23  might be an inappropriate or inefficient approach.  No rule requires plaintiffs to pursue every

24  possible alternative before noticing a 30(b)(6) deposition.  Rule 26(b)(2) pertains to information

25  "obtainable from some other source that is more convenient, less burdensome and less

26  expensive."  But defendant has not shown that the 30(b)(6) approach is inconvenient,

27  burdensome, or expensive.  Defendant does suggest that plaintiffs should have pursued more

28  informal means of answering their questions about data, such as further correspondence

3

1 between counsel.  However, letters from counsel are simply not equivalent to a formal, sworn

2 30(b)(6) deposition.   The court concludes that Rule 26 does not bar a second deposition.

3  The court ORDERS defendant to produce a corporate representative in compliance with

4 the August deposition notice, with a date set according to the convenience of the parties but no

5 later than ten days after the filing of this order.

6

7 **IT IS SO ORDERED.**

8

9 Dated:  11/7/06         /s/  Howard R. Lloyd
                HOWARD R. LLOYD

10               UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

4

**United States District Court**
For the Northern District of California

1

2   THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY
    MAILED TO:
3

4   James Gerard Bradtke jgbvjd@aol.com, gikm@aol.com

5   Annabelle Cortez-Gonzalves agcortez@ufwmail.com,

6   Geoffrey F. Gega ggega@cookbrown.com, ksakai@cookbrown.com
7

8   Mario G. Martinez mariomtz@ufwmail.com

9   Stephen G. Seliger SSeliger1@aol.com,

10  Regina Silva rsilva@cookbrown.com, ksakai@cookbrown.com

11  Paul Strauss pstrauss@lawmbg.com, ldavis@lawmbg.com; slegenza@lawmbg.com
12

13  **Counsel are responsible for transmitting this order to co-counsel who have not signed up
    for e-filing.**
14

15

16  Dated:     11/7/06                    /s/  JMM
                                          Chambers of Magistrate Judge Howard R. Lloyd
17

18

19

20

21

22

23

24

25

26

27

28

5

# Exhibit B

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Graciela Zamora, et al.,

        Plaintiffs,

   v.

D'Arrigo Brothers Company of Ca., et al.,

        Defendants.
                        /

No. C 04-00047 JW

**MODIFIED SCHEDULING ORDER**

On November 29, 2006, the parties filed a stipulated request for a modification of their May 3, 2006 Scheduling Order. (See Docket Item No. 136.) However, some of the dates the parties selected do not coincide with the Court's calendar. Accordingly, the Court MODIFIES the case schedule as follows:

**CASE SCHEDULE**

| | |
|---|---|
| **Close of All Discovery (¶ 9)** | **June 6, 2007** |
| **Last Date for Hearing Dispositive Motions (¶ 10)** *(60 days before Preliminary Pretrial Conference)* | **August 6, 2007** |
| **Preliminary Pretrial Conference at 11 a.m. (¶ 12)** | **October 1, 2007** |
| **Preliminary Pretrial Conference Statements (¶ 11)** *(Due 10 days before conference)* | **September 21, 2007** |

None of the dates set in this order may be changed without an order of the court made after a motion is duly filed and made pursuant to the local rules of this court.



EXHIBIT
B

**United States District Court**
For the Northern District of California

1

### Standing Order to Lodge Printed Copy of "ECF" Papers

2      1.      In all cases, including cases covered by the Electronic Case Filing System of the

3   Court "ECF," when filing papers in connection with any motion or any pretrial conference, in

4   addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a

5   printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the

6   Chambers of Judge James Ware."  The "Chamber's Copy" envelop must state the case name and case

7   number and be delivered on or before the close of the next court day following the day the papers

8   are filed electronically.  See Standing Order Regarding Case Management in Civil Cases.

9   ### Compliance with Discovery Plan and Reference to Magistrate Judge

10      2.      The Court adopts the Discovery Plan proposed by the parties in their Joint Case

11   Management Statement.  The parties are ordered to comply with the discovery plan.  Any disputes

12   with respect to the implementation of the discovery plan and all disclosure or discovery disputes are

13   referred to the assigned Magistrate Judge.  In addition, any disputes pertaining to service or joinder

14   of parties or claims are referred to the assigned Magistrate Judge.

15   ### Document Management During Pretrial Discovery and Electronic Evidence Presentation

16      3.      This Court has available a digital and video electronic evidence presentation system.

17   Before commencement of pretrial discovery, the parties are ordered to familiarize themselves with

18   the system, and to meet and confer about whether the case will involve voluminous documentary.  If

19   so, as the parties identify documentary material which is likely to be used as trial exhibits, the

20   parties are ordered to electronically store these materials in a fashion which will facilitate displaying

21   them electronically during the trial.  The parties are reminded that Civil L.R. 30-2(b) requires

22   sequential numbering of exhibits during depositions and that numbering must be maintained for

23   those exhibits throughout the litigation.  Each proposed exhibit shall be pre-marked for

24   identification.  All exhibits shall be marked with numerals.  The parties shall meet and confer on a

25   division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999;

26   Defendant #2: 300,000-500,000).

27

28                                                                          2

Case 5:04-cv-00047-JW    Document 137    Filed 11/30/2006    Page 3 of 5

**United States District Court**
For the Northern District of California

1  
## Disclosure of Expert Witnesses

2      4.      Any party wishing to present expert witness testimony with respect to a claim or a

3  defense shall lodge with the Court and serve on all other parties the name, address, qualifications,

4  résumé and a written report which complies with Fed.R.Civ.P. 26(a)(2)(B) **63 days before close of**

5  **discovery.** Expert witness disclosure must be made with respect to a person who is either (a)

6  specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or

7  (b) a regular employee or agent or treating physician who may be called to provide expert opinion

8  testimony.

9      5.      The parties are also required to lodge any supplemental reports to which any expert

10  will testify at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

11      6.      Any party objecting to the qualifications or proposed testimony of an expert must

12  file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in

13  writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH**

14  **EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND**

15  **MOTION DAY) at 9:00 a.m.** and preferably before or on the same day as the discovery cutoff

16  date at 9:00 a.m.

17  
## Rebuttal Expert Witnesses

18      7.      If the testimony of the expert is intended solely to contradict or rebut opinion

19  testimony on the same subject matter identified by another party, the party proffering a rebuttal

20  expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than **49 days prior**

21  **to discovery cutoff.**

22  
## Limitation on Testimony by Expert Witnesses

23      8.      Unless the parties enter into a written stipulation otherwise, upon timely objection, an

24  expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to

25  the expert's deposition. This is to ensure that all factual material upon which expert opinion may be

26  based and all tests and reports are completed prior to the expert deposition. Unless application is

27  

28                                                              3

1  made prior to the close of expert discovery, each party will be limited to calling only one expert

2  witness in each discipline involved in the case.

3                              **Close of Discovery**

4       9.      Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure,

5  depositions of fact witness and expert witnesses, must be completed on or before the deadline set

6  forth in the Case Schedule above.

7                   **Last date for Hearing Dispositive Motions**

8       10.     The last day for hearing dispositive motions is set forth in the Case Schedule above.

9  Any motions must be noticed in accordance with the Civil Local Rules of this Court.

10      **Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order**

11      11.     The attorneys who will try the case are ordered to confer with one another and to

12 file and lodge with Chambers on or before the deadline set forth in the Case Schedule above a

13 Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their

14 readiness for trial, the amount of time which the Court should allocate for trial and the calendar

15 period for the trial.

16      12.     The attorneys who will try the case are ordered to appear on the date set in the Case

17 Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

18      13.     With respect to the time allocation for trial, at the Preliminary Pretrial and Trial

19 Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for the

20 trial of the case.  Once a stipulated allocation has been entered, the parties must plan their

21 presentations to conform to the stipulated time allocation.

22      14.     With respect to the calendar period for trial, based on the time allotted to the case, a

23 calendar period for trial will be set.  In the event it becomes necessary to delay the start of trial

24 because of the Court's calendar, the commencement date will trail from day-to day until the other

25 matter is concluded or further order of the Court.

26 Dated: November 30, 2006

27                                    _____
                                         JAMES WARE
                                         United States District Judge

28                                              4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Annabelle Cortez-Gonzalves agcortez@ufwmail.com
Geoffrey F. Gega ggega@cookbrown.com
James Gerard Bradtke jgbvjd@aol.com
Mario G. Martinez mariomtz@ufwmail.com
Paul Strauss pstrauss@lawmbg.com
Regina Silva rsilva@cookbrown.com
Stephen G. Seliger Sseliger1@aol.com

**Dated: November 30, 2006**                     **Richard W. Wieking, Clerk**

                                                 **By:  /s/ JW Chambers**
                                                 **Elizabeth Garcia**
                                                 **Courtroom Deputy**

United States District Court
For the Northern District of California

# Exhibit C

United States District Court
For the Northern District of California

1

2

3                                                    *E-filed 3/15/07*

4

5

6

7                  IN THE UNITED STATES DISTRICT COURT

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11    GRACIELA ZAMORA, et al., on behalf of        Case No. C04-00047 JW (HRL)
      themselves and all other persons similarly
12    situated,                                    **ORDER GRANTING PLAINTIFFS'**
                        Plaintiffs,                **FOURTH MOTION TO COMPEL**
13                                                 **DISCOVERY FROM DEFENDANT**

14          v.

15    D'ARRIGO BROTHERS COMPANY OF
      CALIFORNIA,                                  Re: Docket No. 139
16
                        Defendant.
17    _____/

18          In this sex discrimination class action, plaintiffs allege that defendant agricultural

19    business fails to promote female field workers to the supervisory position of foreman.  The

20    subject of this order, however, is not discrimination, but rather discovery.  Plaintiffs here move

21    to compel: (1) responses to numbers 1 and 6 of their fourth request for production of

22    documents; (2) a response to certain questions left unanswered in defendant's 30(b)(6)

23    deposition; (3) responses to several requests for admissions, and associated

24    interrogatory/document responses; and (4) the deposition of John D'Arrigo, the president of the

25    defendant company.  Defendant opposes the motion, and a hearing was held on March 13, 2007.

26                                     **DISCUSSION**

27    A.      **Request for Production of Documents**

28          With respect to their fourth request for production of documents, plaintiffs now seek to



**United States District Court**
For the Northern District of California

1  compel production of documents responsive to requests 1 and 6.

2          **1.**      **Request No. 1**

3        This request reads: "All documents from January 1, 1998 to the present that tabulate

4  defendant's employees by gender, race and/or national origin, including Form EEO-1 Reports

5  submitted during this period." In response, defendants produced no documents, objecting on

6  grounds of overbreadth, burden, privacy rights, relevance, the statute of limitations, duplication

7  of prior discovery requests, and vagueness and ambiguity respecting the term "tabulate."

8        One of defendant's objections, to this and to other discovery requests at issue in this

9  motion, is that plaintiffs seek discovery dating back to January 1, 1998, while defendant's

10  potential liability only dates back to July 5, 2001. Defendant contends that information

11  predating the class period is not relevant. Plaintiffs cite this court's April 11, 2006 order on a

12  different discovery motion, where production was ordered of certain employee data dating back

13  to January 1, 1998. Defendant argues that the April 11, 2006 order only addressed the

14  particular discovery request before the court at the time, and should not be extended to apply to

15  all discovery requests. Defendant is correct that the court's earlier order only applied to

16  requests before the court at the time; however, the same rationale applies to the current dispute.

17  The Ninth Circuit Court of Appeals instructs that "it is appropriate to admit pre-liability data

18  into evidence in a disparate impact case if promotional practices remain similar over a long

19  period of time." *Paige v. California*, 291 F.3d 1141, 1149 (9th Cir. 2002). If information can

20  be admissible evidence, it certainly clears the lower hurdle of relevance at the discovery stage.

21  Defendant's time period objection is therefore rejected.

22        Defendant also argues that the request for documents that tabulate employees by race

23  and gender is "nonsensical," and that plaintiffs should rephrase this request. However,

24  defendant offers no rational explanation for its assertion and this court cannot think of one. The

25  plaintiffs' original language seems perfectly acceptable.

26        Finally, the court rejects defendant's suggestion that, merely because it has earlier

27  produced "similar information," the request is cumulative. Plaintiff's motion is GRANTED as

28

1   to this document request.  Defendants must turn over all Form EEO-1 Reports submitted since

2   January 1, 1998, as well as all other documents responsive to this request.

3          **2.**       **Request No. 6**

4       This request reads: "For all persons employed by defendant from January 1, 1998 to July

5   5, 2001, documents (including but not limited to electronic/computer generated documents and

6   data:

7               a.  Name and i.d. number

8               b.  Gender

9               c.  Job title history

10              d.  Job grade or classification history

11              e.  Salary history, including weekly gross earnings during this period.

12              f.  Date of hire

13              g.  Date of termination, if applicable.

14              h.  Job history, including promotion, transfer, demotion, advancement or change

15   in job classification, performance evaluations, including for each such transaction the date(s)

16   such action was taken and a description of the action.

17               i.  Job application history

18              j.  Disciplinary history, including all warning notices, and dates thereof.

19              k.  Selection and/or participation in any training programs, internships,

20   apprenticeship programs.

21              l.  Receipt of any certifications, special qualifications and awards."

22       This request mirrors one that was the subject of a discovery dispute last year, with the

23   difference being that the earlier request pertained to people employed *after* July 5, 2001.  After

24   the court ordered production, the parties ultimately compromised in March 2006 about what

25   would be produced in satisfaction of that request, although they continue to disagree about the

26   implementation of the production.  Plaintiffs now suggest that they would accept, in satisfaction

27   of the current request for data about people employed *before* July 5, 2001, the same categories

28   of information they agreed to accept with respect to those employed after July 5, 2001.

3

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1   In its initial response to this request, defendant objected to Request No. 6 on various

2 grounds, including that the request does not sufficiently define the documents and categories of

3 employees to which it applies and that the request is vague and ambiguous as to the terms

4 "documents," "gender," "job history," and "job grade or classification history." Defendant also

5 objected on grounds of extreme overbreadth, privacy rights, excessive subparts, and violation of

6 the compromise agreement concerning the earlier request. In their moving papers plaintiffs

7 reject all of these objections and note that the March 2006 agreement only applied to post- July

8 5, 2001 employees.

9   In its opposition to this aspect of the motion, defendant presses three main arguments:

10 overbreadth, violation of the compromise, and burden. The court first addresses the March

11 2006 compromise, and concludes that any agreement between the parties on this subject was

12 never presented to the court, and therefore the court declines to interject itself into that aspect of

13 the parties' dispute. As for overbreadth and burden, defendant asserts that it would require one

14 month of manpower to retrieve this data from an outdated computer system. However, this

15 estimate comes from defendant's counsel, not from a sworn declaration provided by a

16 representative in a position to accurately estimate the burden. Defendant cannot convince this

17 court to be sympathetic to its claims of burden and practical hardship when they are based on

18 bare assertions with no competent evidence to back them up. Plaintiffs' motion is GRANTED

19 as to this document request. Plaintiffs may, at their discretion, choose to accept only those

20 categories of data covered by the March 2006 agreement.

21 **B.  Rule 30(b)(6) Deposition**

22   In March 2005 plaintiffs requested certain computer-readable personnel data concerning

23 those persons who worked for defendant after July 5, 2001. The parties eventually worked out

24 a compromise about the subcategories of personnel data that defendant would produce in

25 satisfaction of this request. In November 2006, this court ordered defendant to produce a Rule

26 30(b)(6) representative to testify about the computer data, as plaintiffs had encountered

27 obstacles in interpreting the data, including the various codes used in the data. Despite this

28 order, defendant did not produce a deposition witness who knew all of the codes.

1    Defendant produced Rob White as its representative for this deposition.  Plaintiffs were

2    dissatisfied with Mr. White's inability to explain the codes, and plaintiffs were also unhappy to

3    learn that a group of employees (the Brawley site employees) had apparently been excluded

4    from the computer data.  Plaintiffs now move for a sworn supplement to this Rule 30(b)(6)

5    deposition that (1) informs plaintiffs of the meaning of all job classification codes, commodity

6    codes, location codes, and disciplinary codes; and (2) explains the exclusion of the Brawley

7    employees (in effect, plaintiffs seek the Brawley data).

8                **1.    Computer Codes**

9        At the hearing, defendant admitted that there exists a written description of all job

10   classification codes, commodity codes, location codes, and disciplinary codes, and lamely

11   explained that it had not been turned over at the time of Mr. White's deposition because

12   defendant was "not sure that was part of the deposition notice to bring along documents."

13   However, defendant agreed to turn over a copy of these definitions promptly.

14               **2.    Brawley Employees**

15       Plaintiffs bring to the court's attention the fact that information on workers employed at

16   the Brawley worksite has been excluded from the electronic data produced pursuant to the

17   parties' March 2006 compromise.  Plaintiffs first learned about this exclusion in November

18   2006 at the Rule 30(b)(6) deposition.

19       Defendant counters that no data has been "excluded."  Defendant states that it only

20   included data pertaining to locations that are mentioned in the complaint, and that Brawley is

21   not one of those locations.  Plaintiffs reply that there is nothing in the complaint or in the court's

22   class certification order that excludes the Brawley district.

23       The court rejects the semantic quibbling involved in trying to determine if the Brawley

24   data was "excluded" or simply "not included."  It is undisputed that the Brawley location is a

25   part of defendant's operations, and this litigation concerns defendant as a whole, not individual

26   worksites.  The court finds no basis for defendant to distinguish among its locations in

27   producing data required in discovery.  Defendant must supplement its prior data production in

28   order to provide plaintiffs with data concerning all of its worksites, whether or not they are

mentioned in the complaint. Plaintiffs' motion is GRANTED as to the sworn supplement to the

Rule 30(b)(6) deposition. If necessary, plaintiffs may conduct an additional 30(b)(6)

deposition.

**C.     Requests for Admissions**

Plaintiffs served defendant with several Requests to Admit Facts. Plaintiffs also served

an Interrogatory and a Request to Produce for all documents not previously produced which

provide the basis for any denial of any of the Requests to Admit. In the following pages, when

this court orders defendant to admit or deny a certain request, the court also intends for

defendant to respond appropriately to the accompanying interrogatory and request for

production.

**1.     Request No. 1**

Plaintiffs ask defendant to admit or deny that "During the period from January 1, 1998

through January 1, 2005, defendant did not employ any women as permanent forepersons (ie.,

persons employed in the foreperson job for a period exceeding 30 days) with responsibilities

over agricultural employees who worked for defendant." Defendant served numerous

objections, none of which the court finds persuasive. First, the court has already addressed

defendant's contention that discovery should be limited to the period of liability. Defendant

also contends that the request calls for an expert or legal opinion, and that plaintiffs have

sufficient information to be able to answer the question themselves. Neither of these

contentions is valid. The worst objection, however, is defendant's assertion that it cannot

respond because it chooses not to accept plaintiffs' definition of a "permanent foreperson." This

is a prime example of the obfuscation that characterizes defendant's discovery responses. The

court orders defendant to accurately and reasonably respond to this request, noting any

necessary qualifiers. Plaintiffs' motion is GRANTED as to this request.

**2.     Request No. 2**

Plaintiffs ask defendant to admit or deny that "Prior to January 1, 1998, defendant did

not employ any women as permanent forepersons (ie., persons employed in the foreperson job

for a period exceeding 30 days) with responsibilities over agricultural employees who worked

United States District Court

For the Northern District of California

1  for defendant." Defendant asserts the same objections to this request as it does to Request No.

2  1, and the court has the same opinions about those objections. Plaintiffs' motion is GRANTED

3  as to this request.

4  **3.      Requests Nos. 3 - 8**

5      In Request No. 3, plaintiffs ask defendant to admit or deny that "For each year from

6  January 1, 1998 through December 31, 2001, the percentage of defendant's agricultural workers

7  who were women was never less than 15% of the total agricultural workers employed by

8  defendant." Requests 4 though 8 ask the same thing, but substitute different percentages: 20%,

9  25%, 30%, 35%, and 40%, respectively.

10      Defendant mainly objects to the term "total agricultural workers employed by

11  defendant," contending the term is awkward and not discernable. Defendant argues that the

12  percentages could vary depending on whether the question was calling for annual, quarterly,

13  monthly, weekly, or daily calculations. Thus, once again defendant exploits a perceived

14  ambiguity in plaintiffs' requests and relies on that ambiguity to wiggle its way out of any

15  response whatsoever. The court concludes that defendant has an obligation to make a

16  reasonable response to this request, explaining the basis for its calculations if necessary.

17      Defendant also objects that these requests call for expert or legal conclusions, and that

18  plaintiffs should be able to do these calculations themselves. Given the past difficulties

19  plaintiffs have had in accessing uncorrupted data in the possession of defendant, the court

20  concludes that it is preferable for defendant to do the calculations. Plaintiffs' motion is

21  GRANTED as to these requests.

22  **4.      Request No. 16**

23      Plaintiffs ask defendant to admit or deny that "For the period from January 1, 1998

24  through the present, defendant has not acted to validate that its practices and procedures used

25  with respect to the selection of forepersons are job-related." Plaintiffs explain that the issue of

26  job-relatedness is at the center of many disparate impact employment discrimination cases.

27      Defendant responds to this request with the familiar barrage of objections based on

28  relevance, time period, legal conclusion, etc. Defendant also contends that the phrase

7

1  "defendant has not acted to validate that its practices and procedures used with respect to the

2  selection of forepersons are job-related" is too ambiguous to be intelligible. The goal is to

3  comply with discovery obligations, not avoid them, and the court believes defendant is

4  practicing avoidance. Plaintiffs' motion is GRANTED as to this request.

### D.    Deposition of John D'Arrigo

6  Plaintiffs seek to depose the company's president, John D'Arrigo, but the company

7  objects that this deposition would be unreasonably burdensome and duplicative and that the

8  plaintiffs' sole motive is harassment.

9  Under the liberal discovery principles of the Federal Rules of Civil Procedure, a party

10  seeking to block a deposition must carry a "heavy burden" and make a "strong showing."

11  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "Courts are sometimes willing

12  to protect high-level corporate officers from depositions when the officer has no first-hand

13  knowledge of the facts of the case or where the officer's testimony would be repetitive." *First*

14  *United Methodist Church of San Jose v. Atlantic Mutual Ins. Co.*, No. C-95-2243 DLJ, 1995

15  WL 566026, at *2 (N.D. Cal. Sept. 19, 1995). "However, where a corporate officer has first

16  hand-knowledge of important, relevant, and material facts in the case the deposition should be

17  allowed." *Id.*

18  Plaintiffs argue that Mr. D'Arrigo should be made available for two reasons. First, he

19  can testify about company policy and practice relating to the advancement of female employees,

20  as well as other personnel-related subjects. Second, he has had some direct involvement in the

21  claim of one of the named plaintiffs. Plaintiff Zamora wrote a letter to Mr. D'Arrigo seeking a

22  private meeting with him about her desire to become a foreperson. Although it does not appear

23  that Mr. D'Arrigo chose to respond or further involve himself in Ms. Zamora's situation,

24  plaintiffs argue that they should be allowed to question Mr. D'Arrigo about his understanding of

25  the complaint and his response.

26  Defendant argues that other managerial employees would be better witnesses concerning

27  personnel issues, as Mr. D'Arrigo is not involved in day-to-day decisions about promoting

28  employees to foreperson positions. Defendant goes so far as to claim that "Mr. D'Arrigo is not

8

**United States District Court**
For the Northern District of California

1  responsible for overseeing how company policies or practices are carried out by supervisory

2  level employees." As for Ms. Zamora's letter, defendant insists that Mr. D'Arrigo merely

3  forwarded the letter to his Labor Relations Manager and had no further involvement.

4        Both sides present rational arguments, but defendant has the burden of showing why

5  relevant discovery should not go forward. Defendant has submitted no affidavit from Mr.

6  D'Arrigo swearing that he has no information about company equal employment and personnel

7  policies or that he had nothing to do with Ms. Zamora's situation. See *General Star Indemnity*

8  *Co. v. Platinum Indemnity Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002) (affidavit required); *Thomas*

9  *v. Int'l Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995) (affidavit submitted). It is

10  reasonable to expect that a company president would have substantial knowledge about basic

11  company policy and practice, especially something as basic as how people get promoted.

12  Plaintiffs are entitled to test Mr. D'Arrigo's knowledge in a deposition, rather than relying on the

13  assertions of defendant's lawyers. See *In re Air Crash at Taipei, Taiwan*, No. MDL 1394-

14  GAF(RCx), 2002 WL 32155478, at *4 (C.D. Cal. Nov. 6, 2002) (plaintiffs entitled to test a

15  claim of lack of knowledge by deposing the witness). Plaintiffs' motion is GRANTED in this

16  respect. Mr. D'Arrigo shall appear for a deposition at a time mutually convenient for the

17  parties, no later than March 27, 2007.

18  **ORDER**

19        This motion and the three prior discovery motions in this case lead this court to

20  conclude that defendant is more intent on dodging its discovery obligations than on complying

21  with them. Defendant takes refuge in the claimed ambiguity of plaintiffs' discovery requests,

22  quibbling over terminology and demonstrating little interest in reaching actual understanding.

23  Instead of conscientiously seeking clarification, defendant has a habit of simply refusing to

24  answer. The court rejects defendant's chronic resort to pettifogging objections.

25  //

26  //

27  //

28

9

1        Plaintiffs' motion is granted in its entirety.  Defendants are to respond appropriately to

2    each component of this motion by March 27, 2007, except for the written explanation of

3    computer codes, which must be produced forthwith.

4

5        **IT IS SO ORDERED.**

6    Dated: March 15, 2007                                   /s/  Howard R. Lloyd

7                                                            HOWARD R. LLOYD

8                                                            UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1   THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2   James Gerard Bradtke jgbvjd@aol.com, gikm@aol.com

3   Annabelle Cortez-Gonzalves agcortez@ufwmail.com,

4   Geoffrey F. Gega ggega@cookbrown.com, ksakai@cookbrown.com,
    jgomez@cookbrown.com, svaudreuil@cookbrown.com
5

6   Mario G. Martinez mariomtz@ufwmail.com

7   Stephen G. Seliger SSeliger1@aol.com,

8   Regina Silva rsilva@cookbrown.com, ksakai@cookbrown.com

9   Paul Strauss pstrauss@lawmbg.com, ldavis@lawmbg.com; slegenza@lawmbg.com

10  * Counsel are responsible for providing copies of this order to co-counsel who have not
    registered under the Court's ECF system.
11

12  Dated: 3/15/07

13                                            /s/  JMM
                                    Chambers of Magistrate Judge Lloyd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28