COOK BROWN, LLP
Geoffrey F. Gega, Cal. Bar No. 091980
Regina Silva, Cal. Bar No. 173573
1851 E. First Street, Suite 1440
Santa Ana, CA 92705
Telephone: (714) 542-1883
Facsimile: (714) 542-1009
ggega@cookbrown.com
Attorneys for Defendant
D'ARRIGO BROS. CO., OF CALIFORNIA

Stephen G. Seliger, Cal Bar No. 123859
155 North Michigan Avenue, Suite 501
Chicago, IL 60601
Telephone: (312) 616-4244
Facsimile: (312) 565-7289

SOULE, BRADTKE & LAMBERT
James G. Bradtke
155 North Michigan Avenue, Suite 504
Chicago, IL 60601
Telephone: (312) 616-4422
Facsimile: (312) 616-4423

MINER, BARNHILL & GALLAND
Paul Strauss, Cal Bar No. 153937
14 West Erie Street
Chicago, IL 60610
Telephone: (312) 751-1170
Facsimile: (312) 751-0438

MARCOS CAMACHO, A LAW CORPORATION
Anabelle Cortez-Gonzalves, Cal Bar. No. 183258
P.O. Box 9009
Bakersfield, CA 93389
Telephone: (661) 324-8100
Facsimile: (661) 324-8103

Attorneys for Plaintiffs

**IT IS SO ORDERED**
*James Ware*
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GRACIELA ZAMORA, OLGA LEYVA VELARDE, TERESA LARA, and MARIA RODRIGUEZ DE TORRES, on behalf of themselves and all other persons similarly situated,<br>Plaintiffs,<br>vs.<br>D'ARRIGO BROTHERS COMPANY OF CALIFORNIA,<br>Defendant. | Case No. C-004-00047 JW<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL APPROVAL ORDER<br><br><br>Complaint Filed: January 7, 2004 |

WHEREAS, this action, *Graciela Zamora, et. al. v. D'Arrigo Brothers Company of California* (the "Action") is pending before this Court as a class action for Final Approval; and

This matter having come before the Court for hearing pursuant to the Preliminary Approval Order of this Court dated September 8, 2008, for final approval of the settlement set forth in the Stipulation, Settlement, and Release of Class Action Claims ("Stipulation" or "Settlement") on file herein, and due and adequate notice having been given to the Class Members as required in said Order, and the Court having considered all papers filed herein and otherwise being fully informed of the premises and good cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Plaintiffs.

3. The Notice directed to the Class Members as set forth in the Stipulation has been distributed in conformity with the Preliminary Approval Order. This Notice provided due and adequate notice of the proceedings, including the proposed settlement set forth in the Stipulation, to all persons entitled to such Notice. The Notice fully satisfied the requirements of due process.

4. This Court hereby approves the settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a

result of intensive, serious and non-collusive arms length negotiations. The Court further finds that the Parties have conducted extensive and costly investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that granting final approval of this settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the monetary and non-monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that recovery.

5. For purposes of this Judgment, the term "Class" means all females employed by Defendant in a Covered Position between July 5, 2000 through and including September 8, 2008, and specifically excludes the positions excluded by the Stipulation. Certification of this Class is for settlement purposes only.

6. The Court hereby grants final approval to the Release language contained in the Stipulation, which provides as follows:

   a. <u>Release As To All Class Members</u>. As of the Effective Date, all Class Members, including the Representative Plaintiffs, are "Releasors" and thus release and forever discharge Defendant and any parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors and attorneys thereof ("Released Parties") from the "Released Claims." For purposes of this Agreement, "Released Claims" are defined as any and all individual and/or class-wide claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney fees, damages, actions, causes of action, and claims for relief, contingent or accrued of any kind, known or unknown, arising under federal, state or local law which arise out of and/or relate to any of the following:

      (1) Any and all allegations and claims asserted in the Plaintiffs' Complaints, including derivative claims arising under any of the following: a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (i.e., to the extent any alleged policy or practice of failure to promote females and/or any selection

criteria and procedures are alleged to have resulted in a violation of this section or any other Title VII provision); b) California Business & Professions Code, including § 17200 et seq. (i.e., to the extent any alleged policy or practice of failure to promote females and/or any selection criteria and procedures are alleged to have resulted in a violation of any of these sections); c) the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 et seq. (i.e., to the extent any alleged policy or practice of failure to promote females and/or any selection criteria and procedures are alleged to have resulted in a violation of any of these sections); d) California public policy (i.e., to the extent any alleged policy or practice of failure to promote females and/or any selection criteria and procedures are alleged to have resulted in a violation of any such policy); e) the California Constitution, article I, § 8 (i.e., to the extent any alleged policy or practice of failure to promote females and/or any selection criteria and procedures are alleged to have resulted in a violation of this or any other article of said Constitution); f) claims for restitution and other equitable relief (i.e., to the extent any alleged policy or practice of failure to promote females and/or any selection criteria and procedures are alleged to have resulted in a claim for restitution or equitable relief); g) punitive damages (i.e., to the extent any alleged policy or practice of failure to promote females and/or any selection criteria and procedures are alleged to have resulted in a punitive damage claim); h) penalties of any nature whatsoever related to any alleged policy or practice of failure to promote females and/or any selection criteria and procedures; and, i) any other form of relief or benefit arising under federal and California state law claimed on account of the allegations asserted in the Plaintiffs' Complaints for any alleged policy or practice of failure to promote females and/or any selection criteria and procedures. This specifically includes but is not limited to claims for any type of wages, penalties, benefits, or other amounts for failing to promote females allegedly not in

accordance with any law and/or any selection criteria and procedures allegedly not in accordance with any law.

(2) Any and all additional claims alleged in or arising out of the Plaintiffs' Complaints, which are identified therein as follows: (a) pattern and practice of sex discrimination in violation of Title VII of the Civil Rights Act; (b) disparate impact in violation of Title VII of the Civil Rights Act; (c) pattern and practice of sex discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (d) disparate impact in violation of FEHA; (e) unfair business practice in violation of the California Business and Professions Code; (f) employment practice in violation of the California Constitution and the public policy of California; (g) claims for injunctive relief; (h) claims for compensatory and punitive damages; claims for affirmative action; claims for declaratory relief; (i) claims for back pay, front pay, promotions, lost seniority and other employment benefits; (j) claims for prejudgment interest; (k) claims for post-judgment interest; and (l) claims for attorney fees and costs.

The Releasors may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, they shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims. As of the Effective Date, the Representative Plaintiffs and all Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

b. General Release By Representative Plaintiffs Only. In addition to the releases made by the Releasors set forth in Section 2 hereof, the Representative Plaintiffs, as of the Effective Date, make the additional following general release of all claims, known or unknown.

The Representative Plaintiffs release the Released Parties from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the execution hereof. (The release set forth in this subsection shall be referred to hereinafter as the "General Release").

The General Release includes any unknown claims the Representative Plaintiffs do not know or suspect to exist in their favor at the time of the General Release, which, if known by them, might have affected their settlement with, and release of, the Released Parties by the Representative Plaintiffs or might have affected their decision not to object to this Settlement or the General Release.

With respect to the General Release, the Representative Plaintiffs stipulate and agree that, upon the Effective Date, the Representative Plaintiffs shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Representative Plaintiffs may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the General Release, but the Representative Plaintiffs, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the claims released

pursuant to the General Release, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

7. As of the Effective Date, each and every Released Claim of each and every Plaintiff is and shall be deemed to be conclusively released as against the Released Parties. As of the Effective Date, all Plaintiffs are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties, and each and every claim by Plaintiffs is and shall be deemed to be conclusively released as against the Released Parties.

8. The Settlement or any part thereof is not a concession or admission, and shall not be used against D'Arrigo Bros. Co., of California ("D'Arrigo Bros.") or any of the Released Parties as an admission or indication with respect to any claim of any fault, concession or omission by D'Arrigo Bros. or any of the Released Parties. Neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be:

    a. Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

    b. Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Actions, or in any other civil, criminal or administrative action or proceeding.

9. The Court hereby dismisses this Action on the merits and with prejudice against the Named Plaintiffs and all Class Members in favor of D'Arrigo Bros. and without costs or attorney

1 | fees to any of the Parties as against any other settling party, except as provided for in the
2 | Stipulation. Without affecting the finality of this Judgment in any way, this Court hereby retains
3 | continuing jurisdiction solely for purposes of (i) settlement administration matters and (ii) such
4 | post-Final Judgment matters as may be appropriate under Court rules or as set forth in the
5 | Settlement.

6 |     10.    The Court hereby awards Class Counsel attorney fees and costs ("Fees Award") in
7 | the total amount of $ 800,000. D'Arrigo Bros. shall either directly pay, or cause the
8 | Claims Administrator to pay, said award to Class Counsel within the time period set forth in the
9 | Stipulation. Class Counsel shall not be entitled to any other award of attorney fees or costs in any
10 | way connected with the Action. The Court also hereby approves Incentive Awards to the Named
11 | Plaintiffs as follows: to Graciela Zamora the amount of $ 25,000; to Olga Leyva Velarde the
12 | amount of $ 15,000; to Teresa Lara the amount of $ 15,000; and to Maria Rodriguez
13 | De Torres the amount of $ 15,000. The Court also hereby approves the payment of claims
14 | administration expenses in the amount of $ 33,000, and further orders that this shall constitute a
15 | cap on any and all Claims Administrator's costs recoverable from D'Arrigo Bros.

16 |     11.    After administration of the Settlement has been completed in accordance with the
17 | Stipulation, and in no event later than 180 days after the Effective Date, D'Arrigo Bros. shall
18 | provide written certification of such completion to the Court and Class Counsel. In addition, upon
19 | completion of the administration of the Settlement, the Claims Administrator shall provide written
20 | certification of such completion to the Court and counsel for all parties, as provided in the
21 | Stipulation.

12. If this Final Judgment and Order of Dismissal with Prejudice does not become final in accordance with the terms of the Stipulation, then this Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated, and the Parties shall proceed in all respects as if the Stipulation had not been executed.

The Clerk shall close this file.

Dated: February 20, 2009

*/s/ James Ware*
HON. JAMES WARE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA